IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                OPINION AND ORDER

        Plaintiff,

                08-cr-26-bbc

    v.                09-cv-208-bbc

MAURICE LARON HAYES,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Maurice Laron Hayes has filed a motion for post conviction relief under 28 U.S.C. § 2255, contending that he lacked the effective assistance of counsel at his sentencing. He alleges that his retained counsel failed to challenge the misapplication of his criminal history points, filed to advise him of the application of U.S.S.G. § 4A1.1(a), failed to investigate his prior convictions and failed to advise him of the "true" elements of 21 U.S.C. § 841, but he does not cite any evidence to support his allegations. He relies entirely on vague allegations and conclusory contentions, without explaining in any detail exactly what his attorney failed to do and how the failure prejudiced him. Therefore, his motion for post conviction relief will have to be denied, as well as his motion for an evidentiary hearing. It is not necessary to hold a hearing when he has failed to show any reason for thinking that

1

he could produce any evidence in support of his allegations.

BACKGROUND

In an indictment returned on February 20, 2008, defendant was charged with distributing crack on December 6, 2006. He entered a plea of guilty to the charge on May 27, 2008. The probation office prepared a presentence report in which it determined that defendant was responsible for 26 grams of crack cocaine and that he had a criminal history score of nine, placing him in criminal history category IV. The probation office determined the score beginning with three points for conviction of a crime carrying a sentence of more than one year and one month, then adding eight points for prior sentences not counted under § 4A1.1(a) or § 4A1.1(b), then deducting four points because only four of the eight sentences could be included in the criminal history score under § 4A1.1(c). This made the total points attributable to prior convictions seven. With the addition of two points because defendant had committed the offense while under a criminal justice sentence, the score was nine.

Defendant's counsel wrote to the probation office, saying he disputed defendant's criminal score, but withdrew his objection at sentencing, after advising the court that he had reviewed defendant's arrest records and transcripts of court proceedings. Defendant's guideline range was 70-81 months; he was sentenced to a term of 78 months. He did not

2

appeal his sentence.

OPINION

The United States Constitution guarantees persons charged with crimes the assistance of a lawyer who functions at or above an objective standard of reasonable effectiveness and whose performance does not so prejudice his or her client as to deprive the client of a fair trial. Strickland v. Washington, 466 U.S. 668 (1984); United States v. Bethel, 458 F.3d 711, 716-17 (7th Cir. 2006). A defendant contending that he was denied constitutionally adequate assistance must prove that his lawyer failed him in both respects, that is, he must show that counsel performed below the minimal standard of representation *and* that the poor performance was so prejudicial as to deprive him of a fair trial. Moreover, the defendant must support his contention of inadequacy with facts; he cannot rest on allegations.

1. Counsel's alleged failure to challenge errors in defendant's criminal history score

Although defendant says that his attorney did not challenge the calculation of the criminal history score, he has not identified any errors in the calculation. He says that some of the one-point convictions should not have been counted because the sentences were imposed to run concurrently with sentences in other cases, but this is true only for convictions based on crimes that were not separated by an arrest. U.S.S.G. § 41.2(A)(2).

3

The sentences imposed on him did not fall into that category and he has shown no other reason why the probation office erred in treating them as separate prior convictions. Even if defendant were correct about their not being separate sentences, it would not change the final criminal history score. Only five of the eight sentences were imposed to run concurrently with another sentence. Deducting three sentences from this total would still leave five sentences, one more than the maximum of four that were included in his criminal history score.

On this claim, defendant fails the <u>Strickland</u> test. He has not shown that his attorney gave him substandard representation: his attorney acted properly in withdrawing any objection to an accurate criminal history score. Defendant cannot show any prejudice because waging a groundless challenge to the score would not have resulted in any lower sentence.

2. <u>Counsel's alleged failure to advise defendant of application of § 4A1.1(a)</u>

Defendant does not explain this claim. It may be that he is saying that his attorney did not advise him before he entered his plea of guilty of his possible criminal history score. Assuming this claim is accurate, defendant cannot prevail on it. First, he was advised by the court at the time he entered his plea that he could receive any sentence up to the 40-year maximum set by statute. Second, and more important, he has not shown that he suffered

4

any prejudice as a result of counsel's alleged failure to give him adequate advice. The only way he could show prejudice would be to show that he would have gone to trial had he received better advice about his potential criminal history score. He has made no such showing. He has said only that his counsel's failure to explain the effects of his criminal history caused him to enter his plea involuntarily. Conspicuously absent from his argument is anything to suggest that he would have actually gone to trial. Hill v. Lockhart, 474 U.S. 52, 58 (1985) ("The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."). It is improbable that he would have in light of the evidence against him. He was charged for selling crack cocaine to a confidential informant in a hand-to-hand buy. Law enforcement officers conducted surveillance of the transaction and provided pre-recorded currency to the informant. With this evidence, and with no suggestion by defendant that he had any kind of defense to the charge against him, it would have been irrational for him to have gone to trial and lost the benefit of the three-point reduction in his offense level for pleading guilty.

3. Counsel's alleged failure to investigate defendant's prior convictions

5

It is not clear from defendant's memorandum in support of his motion whether he is alleging that his counsel should have investigated defendant's prior convictions, perhaps to find errors in the proceedings, or whether he is alleging that counsel should have investigated the calculation of the criminal history before advising defendant to plead guilty. If it is the latter argument, I have addressed it.  If it is the former, defendant would have to show the court that an investigation would have uncovered information helpful to his defense. Hardamon v. United States, 319 F.3d 943, 951 (7th Cir. 2003) (defendant seeking reversal of his conviction on basis of counsel's failure to investigate must provide court "a comprehensive showing as to what the investigation would have produced" (quoting United States ex rel. Simmons v. Gramley, 915 F.2d 1128, 1133 (7th Cir. 1990)), and show that the information discovered "would have led counsel to change his recommendation as to the plea." Hill, 474 US. at 59; Richardson v. United States, 379 F.3d 485 (7th Cir. 2004). Defendant fails at the first step.  He has not identified anything about his prior sentences that an investigation would have uncovered.

4. Counsel's alleged failure to advise defendant of the "true" elements of 21 U.S.C. § 841

As with his first three claims, defendant provides little detail about this claim.  He simply says that his counsel "should have first researched the most basic details of the so called § 841 statute which will have enabled [defendant] to render a total different decision

6

in his case." Pet.'s Br., dkt. #2, at 14.  Defendant has not explained what advice his attorney failed to give him about the elements of a § 841 charge.  His claim is too vague to go forward.

5. Alleged waiver of right to appeal

Defendant says that his counsel's errors caused him to waive his right to appeal, without making any attempt to explain the connection between the two things.  I cannot make out from his memorandum why he thinks that he could not have appealed.  The claim is too vague to require any further discussion.

I conclude that defendant has shown no basis for his contention that his attorney's representation of him fell below the minimum standard required of counsel in a criminal case.  His allegations do not require an evidentiary hearing.

ORDER

IT IS ORDERED that defendant Maurice Laron Hayes's motion for post conviction

relief under 28 U.S.C. § 2255 is DENIED, as is his request for an evidentiary hearing.

Entered this 26th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge